IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| STEVEN BROOKS, Individually and on behalf of all others <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant. | Case No. 5:22-cv-06129 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1) and 39 U.S.C. § 409, the Defendant United States Postal Service ("Postal Service"), by and through the United States Attorney for the Western District of Missouri, on behalf of the United States, the real party in interest, removes this action from the Circuit Court of Clinton County, Missouri, to the United States District Court for the Western District of Missouri, and states in support as follows:

1. On or about July 7, 2022, Plaintiff Steven LaVelle Brooks ("Mr. Brooks") filed a Petition in the Circuit Court of Clinton County, Missouri, purporting to commence a civil action pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. ("FCRA"), *Steven Brooks v. United States Postal Service*, Case No. 22CN-CC00036 ("the State Court Action"), and alleging that the Postal Service "willfully violated" multiple provisions of the FCRA in relation to one or more applications for employment he completed with the Postal Service. A copy of Mr. Brooks's Petition is attached as **EXHIBIT A**.

2. On November 8, 2022, the Postal Service received a *Notice of Intent*, which was filed in the State Court Action and alleged Plaintiff intended to seek entry of a default judgment against the Postal Service in the State Court Action on December 8, 2022.

3. The Postal Service has not been properly served, though upon information and belief, Plaintiff alleges he served a copy of the Petition to the "Postmaster General Louis DeJoy" in Washington D.C. No summons or service was or has ever been served on the United States

Attorney for the Western District of Missouri, which would trigger the timeline for filing a responsive pleading, or the Attorney General of the United States as required by Rule 4 of the Federal Rules of Civil Procedure.

4. Despite the failure of service, the United States Attorney's Office (USAO), received a copy of the Petition against the Postal Service, the named federal agency, on November 14, 2022. Without waiving the requirement of effective service under Rule 4 of the Federal Rules of Civil Procedure, but for purposes of removal, the USAO files this Notice of Removal.

5. Suits against the United States are barred by sovereign immunity unless permitted by an explicit waiver of immunity from suit. *FDIC v. Meyer*, 510 U.S. 471 (1994). Suits against departments and agencies of the United States are suits against the United States; therefore, the United States of America is substituted for the above defendants. *Dugan v. Rank*, 372 U.S. 609 (1963). Absent an express statutory provision, the federal government's sovereign immunity precludes suit against the federal government in state court.

6. At all times relevant to the allegations in Mr. Brooks's Petition, the Postal Service was and continues to be an independent establishment of the executive branch of the United States. 39 U.S.C. § 201.

7. Because the allegations raised in the State Court Action are raised against an agency of the United States and purport that the agency violated a federal statute based on acts the agency did or did not take, Mr. Brooks's State Court Action is immediately removable to the federal district court and division embracing the place where it is pending. 28 U.S.C. § 1442(a)(1).

8. Further, pursuant to 39 U.S.C. § 409, of the Postal Reorganization Act, "[a]ny action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28."

5. Accordingly, pursuant to 28 U.S.C. §§ 1441, 1442 and 39 U.S.C. § 409, this case is hereby removed to the United States District Court for the Western District of Missouri and said Court now has jurisdiction over this action.

6. Furthermore, inasmuch as the State Court Action was filed in Clinton County, Missouri, this case must be removed to the St. Joseph Division of the United States District Court for the Western District of Missouri. 28 U.S.C. §§ 105(b)(4).

7. A copy of a Written Notice of Filing of Removal, directed to the state court and Mr. Brooks is attached as **EXHIBIT B**. The Written Notice of Filing of Removal will be filed promptly with the state court after the filing of this pleading.

WHEREFORE, the United States of America, as the real party in interest of the named Defendant, United States Postal Service, requests that the United States District Court for the Western District of Missouri, St. Joseph Division, forthwith assume full jurisdiction over the cause as provided by law.

Respectfully submitted

Teresa A. Moore
United States Attorney

By: */s/ Christa Moss*
CHRISTA MOSS Missouri Bar #65306
Assistant United States Attorney
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
ATTORNEY FOR DEFENDANT
Christa.Moss@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL was electronically filed with the Clerk of the

Court using the CM/ECF system on this 5th day of December, 2022. The undersigned Assistant United States Attorney further certifies that a true and correct copy of the foregoing Notice of Removal to Federal Court was sent via United States mail, first class, postage prepaid, to the following counsel and parties who may not be ECF participants:

Charles Jason Brown
301 S. US 169 Hwy
Gower, Missouri 64454
PLAINTIFF'S ATTORNEY

                                                 ***/s/ Christa Moss***
                                                 Christa Moss
                                                 Assistant United States Attorney

4

Case 5:22-cv-06129-SRB   Document 1   Filed 12/05/22   Page 4 of 4